UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GEORGE ROBERT LIGHTKEP, JR.,

    Petitioner,

vs.                                                Case No. 3:18-cv-1309-HES-MCR

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____

## ORDER

### I. INTRODUCTION

Petitioner George Robert Lightkep, Jr., proceeding pro se, initiated this case by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (Petition) (Doc. 1) and a Memorandum of Law (Doc. 2). He challenges his state court (St. Johns County) conviction for two counts of sexual battery on a person less than twelve years of age (capital sexual battery). Petition at 1. He raises four grounds in the Petition.

Respondents filed a Response to Petition (Response) (Doc. 9), asserting the federal petition is untimely filed and due to be dismissed.[1] Petitioner filed a Reply to Respondents' Response to Petition (Reply) (Doc. 10).[2]

## II. TIMELINESS

Respondents assert the Petition is untimely. Response at 9. Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year period of limitation:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Respondents filed an Appendix (Doc. 9), containing documents, hereinafter referred to as "Ex." In this opinion, the Court references the page numbers on the exhibits.

[2] With respect to the Petition, Response, and Reply, the Court will refer to the page numbers assigned by the electronic filing system.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner had one-year to file a timely federal petition pursuant to 28 U.S.C. § 2254. Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998) (per curiam) (one-year from date of enactment is adopted for convictions that became final prior to the effective date of AEDPA), cert. denied, 531 U.S. 840 (2000); see Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999), cert. denied, 528 U.S. 1058 (2000) (same). Review of the record shows Petitioner failed to comply with the limitation period described above.

After judgment and conviction, Petitioner appealed to the Fifth District Court of Appeal (5th DCA). Ex. K; Ex. L; Ex. M. On January 22, 2013, the 5th DCA affirmed per curiam. Ex. N. The mandate issued February 15, 2013. Ex. O. The conviction became final on Monday, April 22, 2013 (90 days after January 22, 2013) (According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90

3

days of the appellate court's denial of that motion."). The limitation period remained tolled, however, because Petitioner filed a pro se Rule 3.850 motion on Monday, March 18, 2013. Ex. P. After retaining counsel, Petitioner filed an amended post-conviction motion. Ex. Q. He appealed the denial of his post-conviction relief. Ex. S; Ex. W; Ex. Y; Ex. Z; Ex. AA. On June 14, 2016, the 5th DCA affirmed per curiam. Ex. BB. The mandate issued on August 30, 2016. Ex. DD.

Meanwhile, on January 16, 2015, Petitioner filed a state petition for writ of habeas corpus in the 5th DCA. Ex. EE. The 5th DCA denied the petition on September 19, 2016. Ex. HH. The 5th DCA denied rehearing on October 20, 2016. Ex. II.

The limitation period began to run on Friday, October 21, 2016, and expired 365 days later, on Monday, October 23, 2017.[3] Although on May 17, 2016, Petitioner filed a successive Rule 3.850 motion, claiming newly discovered evidence, the state court found it to be untimely and procedurally barred. Ex. JJ; Ex. QQ. The trial court concluded that the facts could have been ascertained by Petitioner or his counsel at the time of trial or sentencing, and the failure to discover the facts was due to want of diligence of the

---

[3] The 365th day fell on Saturday, October 21, 2017, giving Petitioner until Monday, October 23, 2017 to timely file his federal petition.

complaining party. Ex. QQ at 5-6, 9. See Jones v. Sec'y, Fla. Dep't of Corr., 906 F.3d 1339, 1350 (11th Cir. 2018) (concluding untimeliness finding subsumed within denial of relief because the petitioner could have discovered the evidence), cert. denied, 139 S. Ct. 1384 (2019).

Respondents assert the successive motion was untimely, not properly filed, and did not toll the AEDPA statute of limitations. Response at 11. As Petitioner's successive Rule 3.850 motion was untimely under Florida law, his motion was not properly filed pursuant to AEDPA's tolling provision, and, therefore, his Petition is time-barred.

Of import, Florida law provides for an exception to the general rule a defendant must file his motion for post-conviction relief in a non-capital case within two years of the date on which the judgment and sentence became final. Rule 3.850(b), Fla. R. Crim. P. An exception to the two-year time bar is the discovery of new evidence, the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence. Rule 3.850(b)(1). Under this exception, the claim must be made within two years of the time the new facts were or could have been discovered with the exercise of due diligence. Id. See Smith v. State, 990 So. 2d 1199, 1205 (Fla. 5th DCA 2008) (amending the initial Rule 3.850 motion prior to resolution of the motion is the better

5

practice); Jones v. State, 591 So. 2d 911, 913 (Fla. 1991) (per curiam) ("allegations of newly discovered evidence fall within the exception to the two-year requirement of rule 3.850"); Blake v. State, 152 So. 3d 66, 68 (Fla. 2nd DCA 2014) (per curiam) ("A claim of newly discovered evidence can be an exception to the two-year time limitation in Rule 3.850(b).").

In his successive Rule 3.850 motion, Petitioner raised four issues: (1) newly discovered evidence; (2) Petitioner's recent discovery that he was not eligible for parole; (3) a Brady violation;[4] and (4) the state's failure to prove venue at trial. Ex. JJ. The state responded to the motion, asserting the newly discovered evidence claims are untimely and legally insufficient and the component of the claim alleging a Brady-violation is legally insufficient and procedurally barred. Ex. MM at 1.

The court inquired as to whether the evidence (affidavits of Raymond Deford and Cindy Kronz) constituted newly discovered evidence, citing Reed v. State, 116 So. 3d 260, 264 (Fla.) (per curiam) (referencing a two-part test that the evidence must have been unknown by the trial court, the party, or by counsel at the time of trial, and it must appear that the defense could not have known of it by the use of diligence, and the newly discovered evidence must be

---

[4] Brady v. Maryland, 373 U.S. 83 (1963).

of such nature it would probably produce an acquittal on retrial), cert. denied, 571 U.S. 1027 (2013). Ex. QQ at 5. Applying the two-part test, the circuit court found the evidence did not constitute newly discovered evidence as it could have been discovered through due diligence at the time of Petitioner's trial and also fails to satisfy the second prong of the Reed test. Id. at 5-8.

Next, the court considered the parole eligibility claim. The court found the information was known or should have been known at the time of sentencing and procedurally barred. Id. at 8-9. Additionally, the court considered the claim of a Brady violation, finding Petitioner failed to satisfactorily articulate a Brady violation that would warrant relief (in establishing a Brady claim, a defendant is required to show (1) favorable evidence, exculpatory or impeaching; (2) which was willfully or inadvertently suppressed by the state; and (3) because the evidence was material, the defendant suffered prejudice). Ex. QQ at 9-11.

Finally, the court addressed the claim of failure to prove venue. Id. at 12-13. The court found this claim could and should have been raised on direct appeal. Id. at 12. The court concluded Petitioner was not entitled to an evidentiary hearing and the claims were without merit. Id. at 13.

On March 13, 2018, the 5th DCA affirmed the circuit court's Order Denying Defendant's Motion for Post-Conviction Relief Newly Discovered Evidence-Successive Motion. Ex. WW. The mandate issued on May 2, 2018. Ex. YY.

Upon review, the evidence at issue does not qualify as newly discovered, "[t]hat is, the asserted facts 'must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known them by the use of diligence.'" Jones v. State, 591 So. 2d at 916 (quoting Hallman v. State, 371 So. 2d 482, 485 (Fla. 1979)). With the use of reasonable diligence, the evidence could have been ascertained. As such, the failure to discover the facts was due to want of diligence; therefore, Petitioner failed to reach the threshold requirements for filing a timely motion (an exception to the two-year time bar is the discovery of new evidence, the facts on which the claim is predicated were unknown to the movant and could not have been ascertained by the exercise of due diligence).

Petitioner did not file his federal Petition until November 1, 2018, pursuant to the mailbox rule, well past the expiration of the one-year limitation period. Petitioner contends, however, that an amended judgment

8

was rendered on August 22, 2018, pursuant to a sentence correction which was granted on August 1, 2018, and this re-set the clock. Reply at 2.

Respondents assert the Second Corrected Judgment and Sentence, dated August 22, 2018 nunc pro tunc May 15, 2012, did not reset the clock. Response at 12. They point out the circuit court did not resentence Petitioner, as the court specifically stated it was making a purely ministerial correction, finding no resentencing hearing was required, and entering the corrected judgment and sentence nunc pro tunc to May 15, 2012, to reflect that Petitioner would be eligible for parole after serving 25 years of his mandatory life sentence. Ex. AAA; Ex. BBB. As such, Respondents contend the court's Order Granting Defendant's Motion for Correction of Illegal Sentence did not authorize confinement, vacate sentences, nor replace sentences with new ones. Response at 12. In contrast, Petitioner argues his Petition was timely filed within one-year of the amended judgment rendered by the state court. He submits that the circuit court "necessarily vacated the wrong sentence and replaced it with the proper sentence[,] and in doing so, created a new judgment[.]" Reply at 3.

Upon due consideration, the Court concludes the Second Corrected Judgment and Sentence did not reset the clock. An explanation follows. Petitioner filed a Motion for Correction of Illegal Sentence pursuant to Rule

3.800(a), Fla. R. Crim. P. Ex. ZZ. He claimed the sentence as to count two is illegal and must be vacated due to the fact that the law in effect at the time the crime was committed did not allow for the defendant to be sentenced to natural life imprisonment for capital sexual battery. Id. at 2. As relief, Petitioner asked the court to grant the motion and correct his sentence. Id. at 4.

Noting that Petitioner was charged in count two of the information with committing an offense on or about January 1, 1995, and the legislative amendment eliminating the possibility of parole for convictions of capital sexual battery did not take effect until October 1, 1995, citing Gibson v. State, 721 So. 2d 363, 368 (Fla. 2d DCA 1998), the court found, "[t]he Defendant correctly asserts he was improperly sentenced to life without the possibility of parole on Count II[.]" Ex. AAA at 2. The court, however, denied Petitioner's request that his sentence be vacated. Id. at 3. Instead, the court said Petitioner "must be mandatorily resentenced to serve a term of life with a minimum mandatory of 25 years before he becomes eligible for parole, and this Court is afforded no discretion in correcting Defendant's sentence." Id. (citation omitted). As such, the court found the correction of the sentence to be "purely ministerial," without the need for a resentencing hearing. Id. (citation omitted). In granting the Motion for Correction of Illegal Sentence,

the court directed that the sentence for count two be "corrected to reflect that [Petitioner] shall serve a term of life imprisonment with a minimum mandatory of twenty-five (25) years, after which he will be eligible for parole." Id. The court also directed the Clerk to prepare a Judgment and Sentence, as corrected, along with corresponding Department of Corrections commitment paperwork. Id.

The Second Corrected Judgment and Sentence are both signed August 22, 2018, nunc pro tunc May 15, 2012. Ex. BBB. The corrected sentence includes the special provision of possibility of parole, with a minimum mandatory sentence of 25 years. Id. at 3.

In its inquiry, this Court must ask whether the state court issued a new prison sentence to replace Petitioner's May 15, 2012 sentence. Many factors support this Court's conclusion that the state court did not issue a new prison sentence to replace the 2012 sentence. Initially, the Court recognizes, not all changes to a prisoner's sentence amount to a new judgment. Goodloe v. Sec'y, Dep't of Corr., 823 F. App'x 801, 803 (11th Cir. 2020) (per curiam) (citing Patterson v. Sec'y, Fla. Dep't of Corr., 849 F.3d 1321, 1326 (11th Cir. 2017)). "The relevant question is not the magnitude of the change, but the issuance of a new judgment *authorizing* the prisoner's confinement." Patterson, 49 F.3d at 1326-27 (citing Magwood v. Patterson, 561 U.S. 320, 332 (2010)).

11

In this instance, the court did not issue a new judgment authorizing Petitioner's confinement when it granted the Rule 3.800(a) motion. In fact, the 2012 sentence authorizes Petitioner's confinement and the Florida Department of Corrections must read both forms together to determine the scope of Petitioner's confinement; therefore, the 2018 Second Corrected Judgment and Sentence, Ex. BBB, must be read jointly with the original Judgment and Sentence, Ex. F, to determine the scope of Petitioner's confinement. See McBride v. Jones, No. 18-23505-CIV-ALTONAGA/White, 2018 WL 10466838, at *1 (S.D. Fla. Oct. 25, 2018) (requiring both forms be read together to determine scope of confinement while also concluding there is no new judgment authorizing custody).

Of import, the circuit court's order did not vacate Petitioner's sentence. The Second Corrected Judgment and Sentence, entered *nunc pro tunc*, further demonstrates this is not a new judgment and sentence authorizing Petitioner's custody. Blair v. Sec'y, Fla. Dep't of Corr., No. 18-24538-CV-MORENO, 2019 WL 7562367, at *4 (S.D. Fla. Oct. 2, 2019) (finding Patterson instructive in holding the defendant's sentence was not vacated and replaced), report and recommendation adopted by 2019 WL 6317336 (S.D. Fla. Nov. 26, 2019). The corrected sentence does not qualify as a new judgment as its *nunc pro tunc* designation relates back to the date of the initial judgment, May 15, 2012.

James v. Sec'y, Dep't of Corr., No. 19-CIV-61973-RAR, 2020 WL 6381559, at *4 (S.D. Fla. Oct. 30, 2020) (finding corrected sentence containing *nunc pro tunc* designation does not qualify as a new judgment and ministerial corrections to a sentence do not qualify as a new judgment); Goodloe, 823 F. App'x at 804 (a correction *nunc pro tunc* takes effect as of the date of the judgment so corrected). Accordingly, as the ministerial corrections to the sentence do not constitute a judgment authorizing Petitioner's confinement, "it does not control the statute of limitations here." James, 2020 WL 6381559, at *4 (citation omitted).

Indeed, the record demonstrates the circuit court was adamant in its order that it was not vacating Petitioner's sentence and was merely making a ministerial correction. See Booth v. Sec'y, Fla. Dep't of Corr., 729 F. App'x 861, 863 (11th Cir.) (per curiam) (finding the court did not issue a new prison sentence to replace the original sentence, issue a new judgment authorizing confinement, or provide any new authority to imprison the defendant), cert. denied, 139 S. Ct. 570 (2018). The Second Corrected Judgment and Sentence entered August 22, 2018, nunc pro tunc May 15, 2012, must be read jointly with the original judgment and sentence and is considered to take effect as of the date of the original judgment and sentence so corrected, May 15, 2012.

Consequently, the Second Corrected Judgment and Sentence does not reset the clock.

Based on the record before the Court, Petitioner has not presented any justifiable reason why the dictates of the one-year limitation period should not be imposed upon him. The record demonstrates Petitioner had ample time to exhaust state remedies and prepare and file a federal petition. Petitioner has not shown extraordinary circumstances stood in his way and prevented him from timely filing the Petition. Furthermore, he has not shown he exercised due diligence. Petitioner fails to demonstrate he is entitled to equitable tolling. Also, he does not assert or demonstrate that he has new evidence establishing actual innocence. See Reply.

Focusing its inquiry on the circumstances surrounding Petitioner's late filing of the Petition, this pro se Petitioner is not excused from complying with the time constraints for filing a federal petition. Because Petitioner has not shown an adequate reason why the dictates of the one-year limitation period should not be imposed upon him, this case will be dismissed with prejudice as untimely.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. The Petition for Writ of Habeas Corpus (Doc. 1) and the case are **DISMISSED with prejudice.**

2. The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing the case with prejudice.

3. The **Clerk** shall close the case.

4. If Petitioner appeals the dismissal of the Petition for Writ of Habeas Corpus (Doc. 1), **the Court denies a certificate of appealability.**[5] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 24 day of March, 2021.

_____
UNITED STATES DISTRICT JUDGE

---

[5] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

sa 3/23
c:
George Robert Lightkep, Jr.
Counsel of Record